IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA MATTHEW GRISOLIA, § | |
| BOP Register No. 22271-078, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:21-cv-339-K-BN |
| § | |
| WARDEN FCI SEAGOVILLE, § | |
| § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Joshua Matthew Grisolia, a federal prisoner incarcerated in this district, filed in the Eastern District of Texas (the district in which he was convicted) a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons's calculation of his sentence. *See* Dkt. No. 1.

After Grisolia's petition was transferred to this Court, *see* Dkt. No. 2, United States District Judge Ed Kinkeade referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The government filed a response to the habeas petition, arguing that Grisolia is not entitled to the relief he seeks. *See* Dkt. Nos. 9-13. Grisolia failed to reply, and it is past the deadline to do so. *See* Dkt. No. 6.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the habeas petition.

The response sets out the undisputed facts as to Grisolia's claims:

> Petitioner was arrested by federal authorities on February 18,

> 2014, for Possession of Child Pornography. He was released from custody, via bond, on February 19, 2014. [Dkt. No. 10 ("App.")] p. 5. On February 23, 2016, Petitioner was arrested by state authorities in Grayson County, Texas, for the state offense of Theft of Property. App. p. 11, ¶35. Petitioner was transferred to federal custody on April 18, 2016, pursuant to a federal Writ for *ad prosequendum*, and sentenced the same day in the Eastern District of Texas to an 87-month federal term of imprisonment for Possession of Child Pornography. App. p. 1. The Judgment in a Criminal Case reflects the federal sentencing court ordered the sentence to "run consecutively to any future sentence imposed upon a conviction for Theft of Property More Than $2,500 Less Than $30,000 committed on February 22, 2016, in Grayson County Court, Sherman, Texas." App. p. 26. Because he was in primary custody of Texas state officials, Federal officials returned Petitioner to the custody of state authorities after imposition of the federal sentence. App. p. 33.
>
> On June 30, 2016, Petitioner was sentenced in Grayson County, Texas, Case Number 066971, to a 12-month state jail term for Theft of Property More Than $2,500 Less Than $30,000. App. pp. 36-37. In addition, Petitioner received 129 days of Jail Time Credit from the State of Texas for time spent in custody since his arrest on February 23, 2016. On October 27, 2016, Petitioner was awarded 73 days of Diligent Participation Jail Time Credit from the State of Texas. *Id.* A 12-month jail term beginning on June 30, 3016, less 202 days of credit, would expire on December 9, 2016. App. p. 2, ¶7. Accordingly, Petitioner was released by state authorities on December 9, 2016, to the exclusive custody of federal authorities. App. pp. 33-34.
>
> Petitioner arrived at the Federal Correctional Institution in Texarkana, Texas (TEX), on January 6, 2017.

Dkt. No. 9 at 1-2.

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto,* 956 F.2d 83, 84 (5th Cir. 1992)).

Grisolia began serving his consecutive federal sentence on December 9, 2016, the date his Texas sentence concluded. *See* 18 U.S.C. §§ 3584(a) & 3585(a); *cf.*

- 2 -

*Kozohorsky v. Wilson*, No. 4:19-cv-116-Y, 2020 WL 2425645, at *4 (N.D. Tex. May 12, 2020) ("[C]onsistent with 18 U.S.C. §§ 3584(a) & 3585(a), the BOP appropriately amended its computation of the sentence to reflect a consecutive federal sentence with a commencement date of September 16, 2013 (the date Kozohorsky was released from his Arkansas state sentence).").

The BOP properly calculated Grisolia's 87-month sentence as commencing on December 9, 2016, and it properly credited him two days of jail credit (for his time in federal custody on February 18 and February 19, 2014).

Grisolia should not be awarded the other jail credit that he appears to seek, as he was in state custody:

> The sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence.

*Ramirez v. Upton*, No. 1:07cv961, 2010 WL 519731, at *3 (E.D. Tex. Feb. 9, 2010) (citations omitted).

As the statute applicable to pretrial jail credits provides,

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>     (1) as a result of the offense for which the sentence was imposed; or
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

"Under this subsection, 'the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing.'" *Gibbs v. Mejia*, No. 3:15-cv-946-N-BN, 2016 WL 8711727, at *2 (N.D. Tex. Nov. 15, 2016) (quoting *United States v. Sampson*, Crim. A. No. 07-30039, 2009 WL 89637, at *1 (W.D. La. Jan. 9, 2009)), *rec. accepted*, 2016 WL 8711734 (N.D. Tex. Dec. 16, 2016); *see also United States v. Bernal-Gloria*, 732 F. App'x 322, 322 (5th Cir. 2018) (per curiam) ("[A] district court is not authorized to decide the amount of credit that a defendant receives. Rather, the Attorney General, through the Bureau of Prisons, determines what credit, if any, is awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." (citations omitted)).[1]

Grisolia was not in federal custody until December 9, 2016. And the State of Texas credited to his state sentence Grisolia's custody after his arrest on the state charge. *See Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) ("Because the nine

---

[1] *Cf. In re U.S. Bureau of Prisons, Dep't of Justice*, 918 F.3d 431, 439 (5th Cir. 2019) ("Confusion sometimes arises ... when a defendant requests that the district court award credit for time served [prior to the date his federal sentence commences] and the court purports to grant or deny this request at sentencing. Because the district court lacks the authority to award or deny credit, the BOP is not bound by its decision. The sentencing court does 'retain residual authority' to consider a defendant's time in custody. If the court determines that the BOP will not credit a defendant's prior time served, the court can reduce the defendant's sentence under § 5G1.3(b) or § 5K2.23 of the U.S. Sentencing Guidelines. But the district court must calculate the defendant's final sentence itself; it cannot simply order the BOP to award credit." (citations omitted)).

months he spent in state custody between November 1998 and August 1999 were 'credited against another sentence,' the BOP was not required to credit that time toward his federal sentence."); *Pierce v. Fleming*, 150 F. App'x 344, 345 (5th Cir. 2005) (per curiam) ("[B]ecause the record indicates that the time that Pierce spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum* was credited against his state sentence, the BOP correctly applied 18 U.S.C. § 3585(b)(2) when it did not include this time as a credit towards Pierce's federal sentence." (citing *Vignera v. Attorney Gen. of the United States*, 455 F.2d 637, 637-38 (5th Cir. 1972))).

In sum, because the BOP correctly calculated Grisolia's federal sentence, the Court should deny his Section 2241 petition.

## Recommendation

The Court should deny Petitioner Joshua Matthew Grisolia's application for a writ of habeas corpus under 28 U.S.C. § 2241.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE